

**Lewis Roca**
ROTHGERBER CHRISTIE

Lewis Roca Rothgerber Christie LLP
201 East Washington Street
Suite 1200
Phoenix, AZ 85004

602 262 5311   main
602 262 5747   fax
lrrc.com

Jamie L. Halavais
Admitted in Arizona, New York and California
602.262.5767 direct
602.262.5747 fax
jhalavais@lrrc.com

August 11, 2016

The Honorable William F. Kuntz, II
United States District Court, Eastern District of
New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Jaime Lam v. City Pass, Inc.*, 1:16-cv-02577-WFK-JO

Dear Judge Kuntz:

We represent Defendant, CityPASS, Inc. ("CityPASS") in the above-referenced matter, and are writing pursuant to Your Honor's Individual Motion Practices and Rules No. III.(B) (1) (i) and (3), to request a pre-motion conference with the Court regarding CityPASS's anticipated Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and to set forth the basis for that motion. A motion to dismiss is appropriate here because Plaintiff Lam has failed to sufficiently plead necessary elements of each of the counts alleged in her Complaint.

Plaintiff purchased admission to attractions in New York City which CityPASS bundled into its New York CityPASS booklet (the "PASS") for far less than the total price of admission to the individual attractions. Lam received the advertised PASS for the advertised price. Yet, Lam now claims that she has suffered injury as a result of CityPASS's advertising of the PASS.

I.   **PLAINTIFF HAS FAILED TO SUFFICIENTLY PLEAD HER CLAIMS**

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2) because Plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face."[i] Plaintiff's allegations are best described as "unadorned, the-defendant-unlawfully-harmed me accusation[s]," which the Supreme Court has held cannot survive a motion to dismiss.[ii]

II.  **PLAINTIFF'S COUNTS I AND II FAIL BECAUSE PLAINTIFF FAILS TO PLEAD EITHER A MATERIAL MISREPRESENTATION OR AN INJURY**

Plaintiff alleges that CityPASS violated §§ 349 and 350 of the NY General Business Law ("NY GBL"). These sections prohibit, respectively, "[d]eceptive acts or practices" and "[f]alse advertising." "To state a claim under either section, Plaintiff must adequately allege…: (1) the challenged act or practice was consumer-oriented; (2) the act or practice was misleading in a material way, and (3) the plaintiff suffered an injury as a result of the deceptive act."[iii]

   A. **Because Plaintiff Has Not Suffered a Cognizable Injury, Her NY GBL Claims Should Be Dismissed**

Purchase of a product a consumer would not have otherwise purchased is not an "injury."[iv] Plaintiff claims that but for the alleged deception, she would not have purchased the PASS. This is the kind of "deception as injury" claim New York courts expressly reject.[v]

   B. **Because Plaintiff Has Also Failed to Allege Any Materially Misleading Advertising, Her NY GBL Claims Should Be Dismissed**

"A material claim is one that involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product."[vi]

Plaintiff has not alleged that the admission tickets in the PASS were available elsewhere for less. She has not alleged that had the savings been advertised at 31%, she would have



foregone visiting the attractions or elected to pay full price for the individual admissions. Her bald assertion that she would have purchased the advertised admissions for the advertised price *only if* she was saving 40%, rather than 31%, is a conclusory allegation and is not plausible.[vii] Plaintiff failed to sufficiently allege any materially misleading advertisement.

### III. THE NEGLIGENT MISREPRESENTATION CLAIM FAILS FOR LACK OF SPECIAL RELATIONSHIP, REASONABLE RELIANCE OR INJURY (COUNT III)

The elements of this claim are: "(1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied… was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." [viii]

#### A. Plaintiff Has Not Adequately Plead That a Special Relationship Existed

The relationship between Plaintiff and CityPASS was that of an "ordinary buyer and seller."[ix] Under any standard articulated in New York law, Plaintiff lacked a special relationship with CityPASS.[x] Thus, the negligent misrepresentation claim must fail.

#### B. Plaintiff Has Not Alleged Facts Demonstrating Reasonable Reliance

Under New York law, "Justifiable reliance does not exist where a party has the means to discover a falsehood by the exercise of ordinary intelligence, and fails to make use of those means."[xi] CityPASS concealed no facts and possessed no superior access to pricing information. Plaintiff could have confirmed prices of the PASS's attractions before purchasing the PASS, making any reliance unreasonable. This claim must fail.

#### C. Plaintiff Has Not Alleged She Suffered an Injury

As explained above, Plaintiff has suffered no injury. Thus, this claim must fail.

### IV. THE FRAUD CLAIM FAILS FOR FAILURE TO PLEAD ESSENTIAL ELEMENTS OF THE CLAIM (COUNT IV)

Plaintiff has not sufficiently plead her fraud claim. "To state a claim for common law fraud… a plaintiff must allege facts showing: (1) a misrepresentation or a material omission of fact which was false and known to be false by defendant, (2) made for the purpose of including the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury."[xii]

#### A. Plaintiff Has Not Sufficiently Plead that CityPASS Knew That Any Alleged Misrepresentation Was Actually False

Plaintiff's sole allegation concerns the advertised savings on admissions to the Met. CityPASS listed the price from the Met website for advanced ticket purchases. Plaintiff does not allege how, even if this statement was false, CityPASS "should have known" of its falsity.

#### B. Plaintiff Has Not Alleged That She Suffered Any Injury or Damages

In New York, one calculates fraud damages based on the out of pocket rule. Loss under this rule is "the difference between the value of the bargain which a plaintiff was induced by fraud to make and the… value of the consideration exacted as the price of the bargain."[xiii] For Plaintiff, there was no difference between the value of the admissions purchased and the value of the admissions received. Thus, her fraud claim should be dismissed for lack of injury.

#### C. Plaintiff Has Not Alleged Justifiable Reliance

See Section III. B. above.

### V. THE DUPLICATIVE UNJUST ENRICHMENT CLAIM MUST FAIL (COUNT V)

The elements of an unjust enrichment claim are, "1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that 'equity and conscience' require restitution."[xiv]

#### A. Plaintiff Received the Exact Thing She Intended to Purchase

Thus, Plaintiff's unjust enrichment claim should be dismissed.[xv]



### B. Plaintiff's Unjust Enrichment Claim Is Duplicative and Must Fail

"Unjust enrichment is not a catchall cause of action to be used when others fail."[xvi] Plaintiff's unjust enrichment claim must be dismissed because it is duplicative of plaintiff's other claims. The unjust enrichment section of Plaintiff's complaint alleges supposed damages "as a result of defendant's deceptive, fraudulent and misleading advertising, marketing and sales." Complaint ¶89. This is a claim (albeit a meritless one) for an actionable wrong. It cannot be restated as an more amorphous "unjust enrichment" claim to cure its faults. Thus, the unjust enrichment claim should be dismissed.[xvii]

Because Plaintiff has failed to adequately plead any of the claims alleged in her Complaint, CityPASS seeks leave of the Court to file a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2).

Very truly yours,

Jamie L. Halavais
Lewis Roca Rothgerber Christie LLP

cc:   C.K. Lee

---

[i] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[ii] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555-57).

[iii] *Dash v. Seagate Technology (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 360 (E.D.N.Y. 2014)(internal quotation marks and citation omitted).

[iv] *Oscar v. BMW of North America, LLC*, 274 F.R.D. 498, 512 (S.D.N.Y. 2011); *see also Preira v. Bancorp Bank*, 885 F. Supp. 2d 672, 676-77 (S.D.N.Y. 2012); *Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 56, 720 N.E.2d 892, 898 (N.Y. 1999); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 292-93 (S.D.N.Y. 2015).

[v] *Small*, 94 N.Y.2d at 56, 720 N.E.2d at 898.

[vi] *Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004)(internal quotation marks and citations omitted).

[vii] *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

[viii] *Alley Sports Bar, LLC v. SimplexGrinnell, LP*, 58 F. Supp. 3d 280, 291 (W.D.N.Y. 2014).

[ix] *See, e.g., Alley Sports Bar, LLC v. SimplexGrinnell, LP*, 58 F. Supp. 3d 280, 291 (W.D.N.Y 2014); *AccuSystems, Inc. v. Honeywell Info. Sys., Inc.*, 580 F. Supp. 474, 481 (S.D.N.Y. 1984).

[x] *See Alley Sports Bar* 58 F. Supp. 3d at 291 (conducting a "thorough review" of case law explaining special relationships, and then dismissing negligent misrepresentation claim for lack of special relationship).

[xi] *Abele Tractor & Equip. Co., Inc. v. Balfour*, 20 N.Y.S.3d 697, 701, 133 A.D.3d 1171, 1174 (N.Y. App. Div. 2015); *see also Structured Capital Solutions, LLC v. Commerzbank AG*, -- F. Supp. 3d --, No. 15 CIV. 905 (JSR), 2016 WL 1554679 at *14 (S.D.N.Y. Apr. 17, 2016) ("A party cannot claim reliance on a misrepresentation when he or she could have discovered the truth with due diligence.").

[xii] *Dash*, 27 F. Supp. 3d at 362 (internal citations and quotation marks omitted).

[xiii] *Nuss v. Sabad*, 976 F. Supp. 2d 231, 251-51 (N.D.N.Y. 2013).

[xiv] *Preira*, 885 F. Supp. 2d at 680.

[xv] *See, e.g., Sokoloff*, 778 N.Y.S.2d at 10, 6 A.D.3d at 186 ("Plaintiff's claims for unjust enrichment… were properly dismissed since plaintiff bargained for and received the use of the health club.").

[xvi] *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790, 967 N.E. 2d 1177, 1185 (N.Y. 2012).

[xvii] *See, e.g., Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790, 967 N.E.2d 1177, 1185 (N.Y. 2012)("To the extent that these claims succeed, the unjust enrichment claim is duplicative; if plaintiff's other claims are defective, an unjust enrichment claim cannot remedy [them]. The unjust enrichment claim should be dismissed.").