UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIME LAM,<br>on behalf of herself and others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　against-<br><br>CITY PASS, INC.<br><br>　　　　　　　　Defendant. | Civil Action No. 1:16-cv-02577 |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties are engaged in discovery under the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Eastern District of New York, which will involve, among other things, the production or disclosure of information deemed confidential, including proprietary commercial information. This proposed Stipulated Protective Order ("Order") applies to Material produced in discovery in the above-captioned action (the "Action") and to all Confidential information produced by a party in the Action, whether revealed in a document, deposition, an interrogatory answer or otherwise. All Material exchanged in this case may be used for purposes of this litigation only and may not be provided to any third parties, except under the terms and conditions set forth in this Order.

WHEREFORE, the following is hereby stipulated by the parties and ORDERED BY THE COURT:

1. **DEFINITIONS**
    1.1. "Material" refers to any document, data compilation, testimony, recordings, electronically stored data, or other information in any form produced or disclosed in this action, whether voluntarily or through any means of discovery, and whether by a party or non-party to this action.
    1.2. Material may be deemed "Confidential" if it contains or reveals trade secrets or other non-public, financial, personal, proprietary or competitively sensitive information.
    1.3. "Disclosing Party" refers to a party or non-party to this action who produces Material.
    1.4. "Designating Party" refers to a party or non-party to this action who designates Material as Confidential.
    1.5. "Requesting Party" refers to a party who has made a discovery request.
    1.6. "Receiving Party" refers to a party who receives Material.

1

2. **SCOPE OF PROTECTIVE ORDER**

   2.1. To be subject to the particular confidentiality protections of this Order, Material must (1) be Confidential within the meaning of Section 1.2 of this Order; and (2) be designated Confidential pursuant to Section 3 of this Order. Confidentiality designations shall be made in good faith.

   2.2. The protections of this Order shall not apply to Material that, prior to disclosure in this action, was within the actual possession or knowledge of a Receiving Party or was actually public knowledge as disclosed, provided that the Material did not become public knowledge through an act or omission of a Receiving Party.

3. **DESIGNATION OF MATERIAL AS CONFIDENTIAL**

   3.1. Methods of Designation

   3.1.1. A Disclosing or Designating Party may designate Material as Confidential by placing or affixing on the Material in a manner that will not interfere with its legibility the word "CONFIDENTIAL."

   3.1.2. If an interrogatory or other discovery request calls for Confidential Material or information, the Confidential portion of the response shall be provided in a separate document appended to the main body of the responses and incorporated by reference therein. In the main body of the response to the interrogatory or written discovery request, the response shall state:

"Requests information that is restricted from disclosure; see response contained in addendum, which response is incorporated herein by reference."

   3.1.3. Transcripts of any depositions in this action shall be treated as Confidential until the expiration of 30 days after the court reporter delivers the transcript of the deposition to all counsel who request a copy (or within 30 days after the entry of

this Order for any deposition transcripts delivered before the effective date of this Order). If counsel for any party believes that the deposition transcript or a portion thereof is Confidential pursuant to Section 1.2 counsel shall, within the 30-day period, designate in writing the specific pages and lines deemed Confidential, and shall notify all parties and the court reporter.

3.1.4. When Confidential Material is supplied or stored on an electronic, digital, or magnetic medium, the confidentiality designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container of the medium, **and** within the medium itself in a manner that immediately and consistently informs those persons who access the medium that they have accessed Material that is Confidential.

3.1.5. The parties may designate Material as Confidential after providing access thereto to the Receiving Party without waiving the right to make such designations, so long as such designations are made within 20 days or such other time period as may be agreed upon by the Disclosing and Receiving Parties at the time of production (the "Interim Period"), in the manner prescribed herein. During the Interim Period, the Receiving Party shall treat all Material as Confidential.

3.2. Challenges to Confidentiality Designations

3.2.1. A Receiving Party may challenge the confidentiality designation of the Designating Party by making an appropriate motion. Once a Receiving Party challenges the confidentiality designation of a Designating Party, the Designating Party shall bear the burden of proving that the Material at issue is Confidential pursuant to Section 1.2. The parties shall meet and confer in a good faith attempt to resolve any issues before engaging in motion practice pursuant to this section.

3

    3.2.2. Pending ruling on a motion under Section 3.2.1, the Material in question shall be treated as Confidential and subject to the protections of this Order.

    3.2.3. No party shall be obligated to challenge the propriety of a Confidential designation, and a failure to do so shall not preclude a subsequent challenge to the propriety of such a designation.

4. **DISCLOSURE, USE, AND HANDLING OF MATERIAL DESIGNATED AS CONFIDENTIAL**

  4.1. Use and Handling of Confidential Material

    4.1.1. Material designated as Confidential by a Designating Party shall not be used or disclosed by any Receiving Party or its counsel for any purpose other than the prosecution or defense of this action, including appeals. This Order's restrictions on the disclosure of Confidential Material applies to all disclosures or publication of Material whatsoever, including, without limitation, court filings or other disclosures in the public record, as well as any portion of any brief, pleading, exhibit, transcript, or other document that contains or reveals such Confidential Material, whether in these proceedings or any other proceedings.

    4.1.2. To the extent that any party wishes to file Materials with the Court, including pleadings, exhibits, hearing or trial transcripts, answers to interrogatories, transcripts of deposition, and responses to requests for admissions, that contain or reveal Confidential Material, such Materials shall be filed with the Court under seal. Courtesy copies of such Materials shall be delivered to the Court's chambers in a sealed envelope marked with the case name and cause number and prominently labeled: CONFIDENTIAL MATERIALS PURSUANT TO PROTECTIVE

ORDER. The first or cover page of any such Materials submitted to the Court's chambers also shall bear the same prominent confidentiality designation.

4.1.3. All pages of all copies, duplicates, extracts, summaries, or descriptions (collectively, "copies") of Materials designated as Confidential or any portion thereof, shall immediately be affixed with the appropriate confidentiality designation under Section 3.1.1, if those words do not already appear on the copies.

4.1.4. Nothing in this Order shall prohibit parties or their counsel from transmitting Confidential materials through the mail, by other common carrier, or by non-public telephonic transmission, including directed internet (*i.e.*, non-broadcast e-mail), so long as the transmission is for purposes of this litigation. However, under no circumstances may Material designated as Confidential be posted on a publicly available internet web site.

4.1.5. Material designated as Confidential shall not lose its protected status through disclosure, either intentionally or inadvertently, by a Disclosing Party or Receiving Party. In the event of such a disclosure, the parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

4.1.6. Within 90 days of final adjudication, including, but not limited to, final adjudication of any appeals or petitions or extraordinary writs, all Material designated as Confidential under this Order and not received in evidence or contained in pleadings filed with the Court shall be returned to the Disclosing Party at the Disclosing Party's expense. If the Disclosing Party agrees in writing, the Material may be destroyed by the Receiving Party instead of returned.

4.2. Permitted Disclosures

4.2.1. Other than as provided in Sections 2.2 and 4.1.4, disclosure of Material designated as Confidential may be made only in the following circumstances:

4.2.2. Unless otherwise prohibited by this Order, Confidential Material may be disclosed only to named parties to this litigation, to their counsel of record, and to the employees of counsel who have direct working responsibilities in connection with this litigation, present or former officers, directors, partners and employees of a party to this litigation, including in-house counsel for the parties, who are required to provide assistance in the conduct of this litigation; and non-party consultants, investigators, experts or opinion witnesses (collectively "experts") employed by counsel for the parties to assist in the preparation and trial of the lawsuit, provided that such experts are first advised of, and agree to be bound by, the provisions of this Order, and sign a Confidentiality Affidavit in the form attached hereto as Exhibit A. If any individual is shown to have violated the terms of this Order at any time, he or she is subject to being held in contempt by this Court.

4.2.3. Nothing in this Order shall prohibit the use of Material designated as Confidential during depositions.

4.2.4. Confidential Material may be disclosed to: (a) the Court, and to court personnel in accordance with 4.1.2 above; (b) to court reporters engaged for depositions in this litigation; and (c) to those persons, if any, specifically engaged for the limited purpose of making copies of Materials, provided that persons described in subparagraphs (b) and (c) above must first be advised of, and agree to be bound by, the provisions of this Order and sign a Confidentiality Affidavit in the form attached hereto as Exhibit A.

4.2.5. If any third party (*i.e.*, someone who is not a party to this litigation) demands by subpoena the production of Confidential Material from a Receiving Party, the Receiving Party served with the third-party subpoena must notify all other parties to this litigation within five days of receipt of the subpoena (or as much in advance of the subpoena return date as possible if the subpoena purports to demand production on less than five days' notice). Each Disclosing Party that produced the Material shall have the right to either object to or move to quash the subpoena. If the Disclosing Party objects to or moves to quash within the applicable response time, the Receiving Party shall not produce the Material until the objection or motion to quash is resolved by the Court.

4.2.6. Nothing in this Order shall limit or otherwise govern the use a party may make of its own Confidential Material, including, without limitation, a party's right to disclose its own Confidential Material to its own officers, directors and employees.

5. **OTHER PROVISIONS**

5.1. No Material may be withheld from discovery on the ground that the Material to be disclosed requires protection greater than that afforded by this Order, unless the party claiming a need for greater protection moves the Court for an order providing such special protection before the date production is due.

5.2. Any third party producing Materials in this action may be included in this Order by endorsing a copy of this Order and delivering it to the Requesting Party, who, in turn, shall file it with the Court and serve it upon counsel for the other parties.

5.3. This Order shall not prevent any party from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court, including, but not limited to, such other or further

7

protection as may be required at trial or in connection with any public hearings in this matter.

5.4. This Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Order.

5.5. In addition to such other remedies as may be available at law or in equity, violation of the terms of this Order may constitute a contempt of this Court, which may result in the imposition of sanctions, including, *inter alia*, an award of damages, costs, attorneys' fees and/or fines.

5.6. The provisions of this Order, including the limitations on the use and disclosure of Confidential Material, shall continue in force and effect after the conclusion of this litigation.

Dated: February 2, 2017

LEWIS ROCA ROTHGERBER CHRISTIE LLP

Dan Goldfine (*pro hac vice*)
Jamie L. Halavais (*pro hac vice*)
201 E. Washington St. Suite 1200
Phoenix, Arizona 85004
Tel: (602) 262-5311

*Attorneys for CityPASS, Inc.*

Dated: February 2, 2017

LEE LITIGATION GROUP, PLLC

C.K. Lee (CL 4086)
Anne Seelig (AZ 3676)
30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1181

*Attorneys for Plaintiff*

APPROVED AND ORDERED, this __ day of Feb. 2, 2017.

s/ WFK
Honorable William F. Kuntz, II

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIME LAM,<br>on behalf of herself and others similarly situated,<br><br>       Plaintiff,<br><br> against-<br><br>CITY PASS, INC.<br><br>       Defendant. | Civil Action No. 1:16-cv-02577 |

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

 I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of New York on _____ in the case of *Lam v. CityPASS, Inc.*, 1:16-cv-02577. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

9

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____